DANA J. FINBERG (SBN 257459)
**ARENT FOX LLP**
55 2nd Street, 21st Floor
San Francisco, CA 94105
Telephone:    (415) 757-5500
Email:  dana.finberg@arentfox.com

Bernice K. Leber (*Pro Hac Vice* Pending)
Michael Grow (Admitted *Pro Hac Vice*)
**ARENT FOX LLP**
1301 Avenue of the Americas, 42nd Floor
New York, NY  10019
Telephone:    (212) 484-3990
Email:  bernice.leber@arentfox.com
Email:  michael.grow@arentfox.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CLOROX COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>RECKITT BENCKISER GROUP PLC,<br>RECKITT BENCKISER LLC,<br><br>    Defendants. | Case No. 3:19-cv-01452-EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Honorable Edward M. Chen<br>Hearing: June 20, 2019, at 1:30 PM<br>Location: Courtroom 5 |

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ........................................................................................... 2
    A.   The Complaint.................................................................................................... 2
    B.   Reckitt USA Is a Separate Company from Reckitt UK ..................................... 3
    C.   Reckitt UK Is a Separate Corporation Having Nothing to Do With the Ads or Sales in the US .............................................................................................. 4

II.  THERE IS NO JURISDICTION OVER RECKITT UK AS A MATTER OF LAW ........ 5
    A.   Legal Standard ................................................................................................... 5
    B.   No General Jurisdiction Exists Over Reckitt UK .............................................. 5
    C.   No Specific Jurisdiction Exists Over Reckitt UK .............................................. 6
    D.   Reckitt UK Is Not an Alter Ego of Reckitt UK as a Matter of Law .................. 7

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 3

*Boschetto v. Hansing*,
    539 F.3d 1011, 1015 (9th Cir. 2008) ...................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 3

*Corcoran v. CVS Health Corp.*,
    169 F. Supp. 3d 970 (N.D. Cal. 2016) ............................................................................ 7, 8, 9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ........................................................................................................ 5, 6, 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ................................................................................................................ 5

*Holland America Line Inc. v. Wärtsilä North America, Inc.*,
    485 F.3d 450 (9th Cir. 2007) .................................................................................................. 6

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ................................................................................................ 5

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ............................................................................................ 7, 8

*Skurkis v. Montelongo*,
    Case No. 16-cv-0972 (YGR), 2016 WL 4719271 (N.D. Cal. Sept. 9, 2016) ......................... 8

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) ......................................................................................... passim

**Statutes**

15 U.S.C. § 1125(a) ........................................................................................................................ 2

Cal. Bus. & Prof. Code § 17200, et seq .......................................................................................... 2

Cal. Bus. & Prof. Code § 17500, et seq. ......................................................................................... 2

Fed. R. Civ. P. 12(b)(2) .............................................................................................................. 1, 5

# NOTICE OF MOTION TO DISMISS

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on June 20, 2019 at 1:30 PM or on a date to be set by the Court, in Courtroom 5 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Edward M. Chen, Defendants Reckitt Benckiser Group PLC and Reckitt Benckiser LLC will and hereby do move the Court to dismiss the Complaint of Plaintiff Clorox Company ("Plaintiff" or "Clorox") (Dkt No. 1).

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Reckitt Benckiser Group PLC respectfully requests that this Court dismiss, with prejudice, the Complaint in its entirety for lack of personal jurisdiction.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declarations of Christopher Tedesco, dated May 3, 2019, and Bernice K. Leber, dated May 6, 2019, and the Complaint and exhibits attached thereto, documents in the Court's file, any matters of which the Court may take judicial notice, and any evidence or argument presented on this matter.

Dated: May 6, 2019

Respectfully submitted,

 /s/ Dana J. Finberg
**ARENT FOX LLP**
Dana J. Finberg (SBN 257459)
dana.finberg@arentfox.com
55 2nd Street, 21st Floor
San Francisco, California 94105
Telephone: (415) 757-5500
Fax: (415) 757-5501

Bernice K. Leber (*Pro Hac Vice* Pending)
bernice.leber@arentfox.com
Michael Grow (Admitted *Pro Hac Vice*)
michael.grow@arentfox.com
1301 Avenue of the Americas, 42nd Floor
New York, New York  10019
Telephone: (212) 484-3990
Fax: (212) 484 -3990

*Attorneys for Defendants Reckitt Benckiser Group PLC and Reckitt Benckiser LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Clorox Company ("Plaintiff" or "Clorox") named defendant Reckitt Benckiser Group LLC ("Reckitt USA") but also its indirect United Kingdom parent company, Reckitt Benckiser Group PLC ("Reckitt UK"), a corporation several entities removed from Reckitt USA[1]. Plaintiff's attempt to sue Reckitt UK fails as a matter of law for which Defendants seek an Order dismissing Reckitt UK from this lawsuit because, among other things, Reckitt UK is not subject to jurisdiction here.

## I.    FACTUAL BACKGROUND

### A.    The Complaint

The Complaint (attached as **Exhibit 2** to the Declaration of Bernice K. Leber, dated May 6, 2019) concerns certain advertising about four specific Lysol products (Lysol Daily Cleanser, Lysol Disinfectant Spray, Lysol Disinfecting Wipes, and Lysol Power Toilet Bowl Cleaner) (the "Four Lysol Products"). (Complaint ¶¶ 33, 61, 86, 93.) Plaintiff alleges that there is personal jurisdiction over "Reckitt" (collectively) based on "the dissemination of the false advertisements – in California and in this District." (Complaint ¶ 17.) Plaintiff purports to base jurisdiction on the grounds that "Reckitt [again, collectively] regularly and systematically transacts business in California, including through the sale and distribution of its Lysol-branded products… in this District." (*Id.*) Based upon advertisements shown in California that are alleged to be false and misleading and the sale of the Four Lysol Products in this District, Plaintiff alleges both defendants together violate the Lanham Act, 15 U.S.C. § 1125(a) (First Count) (Complaint ¶¶ 116-119), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. (Second Count) (Complaint ¶¶ 120-124), and California False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq. (Third Count) (Complaint ¶¶ 125-129) for which Plaintiffs seek equitable relief and damages (Complaint at 32, l. 6.)

The fundamental problem here with the Complaint is that it indiscriminately lumps two distinct and different corporate entities (the UK parent and US subsidiary) together by defining

---

[1] There are four intermediary companies between Reckitt UK and Reckitt USA, set forth in **Exhibit 1** to the Declaration of Christopher Tedesco, dated May 3, 2019.

them both as "Reckitt." (Complaint at 1, ll. 1-2.)  This violates pleading rules of the Ninth Circuit following *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  But worse still, Plaintiff attempts to treat them as if they are one and the same entity rendering the parent liable for the acts of the subsidiary.  This violates the law.  Significantly, Christopher Tedesco, General Manager of US Marketing and Officer of Reckitt USA and former Global Brand Marketing Manager of Reckitt UK, plainly shows that Reckitt UK and Reckitt USA are distinctly separate companies, that Reckitt UK does not manufacture, market, advertise, sell, or distribute Lysol products in the United States, and Reckitt UK had zero to do with the acts complained of.  (Tedesco Decl. ¶¶ 1, 6-9.)  In sum, there are no allegations in the Complaint that Reckitt UK is here for jurisdictional – or for that matter any other – purpose.

**B.     Reckitt USA Is a Separate Company from Reckitt UK**

As Mr. Tedesco swears, Reckitt USA is a company incorporated in Delaware employing over 1,100 employees and with current annual revenues exceeding $1.5 billion.  (Tedesco Decl. ¶ 2.)  Reckitt USA, not Reckitt UK, manufactures, markets, advertises, distributes and sells the Four Lysol Products at issue in this lawsuit.  (*Id.* ¶ 2.)  The Four Lysol Products are also produced entirely in the United States and are sold only in the United States and the Caribbean.  (*Id.* ¶ 4.)

As a formidable US company in its own right, Reckitt USA has its own officers and board of directors, employees, and bank accounts, and its own Legal Department, Research and Development Department, Marketing Department, and Regulatory Department. (Tedesco Decl. ¶ 3.)  One of the Officers is Mr. Tedesco. (*Id.* ¶ 1.)  Reckitt USA maintains its own business records and corporate records and does not commingle funds or other assets with Reckitt UK. (*Id.* ¶ 3.)

Significantly here, Reckitt USA's Marketing Group of 70 professionals, overseen by Mr. Tedesco, were and are engaged in developing the marketing strategy for the Four Lysol Products at issue.  (Tedesco Decl. ¶ 4.)  Reckitt USA's Marketing Group, R&D, Regulatory, and Legal Departments created, produced and published the ads at issue. (*Id*. ¶ 5.)  For this, Reckitt USA retained outside consultants who were involved in developing the advertisements at issue.  (*Id.*)  Reckitt USA also decided where to place and publish the advertisements at issue in the U.S. and for how long, both on the forms of social media and commercials alleged in the Complaint (*see*

Complaint ¶¶ 38, 43, 48, 57, 62, 72, 75, 78, 85, 93.)  (Tedesco Decl. ¶ 5.)

The Four Lysol Products as well as the advertisements at issue are thus an entirely U.S. product of Reckitt USA.

### C. Reckitt UK Is a Separate Corporation Having Nothing to Do with the Ads or Sales in the US

Based on personal knowledge as an Officer of Reckitt USA, General Manager of US Marketing, and former Global Brand Marketing Manager of Reckitt UK, Mr. Tedesco further attests that Reckitt UK has had no direct or indirect participation or involvement in the conception, production, approval, or publication of the or control by Reckitt USA with respect to the Lysol advertisements before the Court.  (Tedesco Decl. ¶ 6.)  Reckitt UK also has not participated in, directed, made any decisions concerning, or approved of the marketing, sale, and distribution of Lysol products by Reckitt USA.  (*Id.* ¶ 7.)  The Facebook, YouTube, and Twitter accounts on which certain ads at issue are hosted are not owned by Reckitt UK. (*Id.* ¶ 9.)

Specifically,  Reckitt UK has no shared officers or directors with Reckitt USA.  (Tedesco Decl. ¶ 8.)  There is no overlap in the two companies' respective officers or directors.  (*Id.* ¶ 8.)  There is no commingling of funds, no debts assumed by either company for the other, and both companies are adequately capitalized. (*Id.* ¶ 9.)   Both companies observe corporate formalities. (*Id.* ¶ 9.)  Reckitt UK maintains its own corporate records and does not keep or otherwise maintain those of Reckitt USA and vice versa.  (*Id.* ¶¶ 3, 9.)

Finally, Reckitt UK has not and does not manufacture, market, advertise, sell or distribute any Lysol products in the United States.  (Tedesco Decl. ¶ 9.)   Other than preparing consolidated financials and budgets annually, generally monitoring its myriad global subsidiaries' performance and the brands of goods which these subsidiaries produce world-wide, common for a multinational global company parent like this one, Reckitt UK has no connection to this dispute, this District, or the subject advertisements.  (*Id.* ¶ 8.)

Based upon these premises, there are no jurisdictional allegations pleaded and as shown, no legal basis for suing Reckitt UK in the United States.  Reckitt UK should be dismissed.

## II. THERE IS NO JURISDICTION OVER RECKITT UK AS A MATTER OF LAW

### A. Legal Standard

Fed. R. Civ. P. 12(b)(2) provides for dismissal of claims where the Court lacks personal jurisdiction over a named defendant. When, as here, a defendant moves for an order of dismissal for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). As the substantial weight of law cited below amply shows, the Complaint is utterly devoid of jurisdictional facts – much less proof of any nexus of the parent Reckitt UK to this forum – such that plaintiff has failed to carry its substantial burden of proof to overcome the Tedesco Declaration, with the result that dismissal should, respectfully be granted.

### B. No General Jurisdiction Exists Over Reckitt UK

As this Court well knows, jurisdiction over a foreign corporation is appropriate only when authorized by the long-arm statute of the state in which it sits and application of California's long-arm statute is consistent with due process. *Boschetto*, 539 F.3d at 1015; *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). California's long-arm statute is coextensive with federal due process requirements such that the "jurisdictional analyses under both state law and federal due process are the same." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). The exercise of jurisdiction over a nonresident defendant requires substantial proof that the defendant has the requisite "minimum contacts" with the forum in order to ensure that keeping that defendant in California "does not offend traditional notions of fair play and substantial justice." *Boschetto,* 539 F.3d at 1015 (citations omitted).

For general jurisdiction over Reckitt UK to exist here, Plaintiff was required to plead and prove that the defendant's contacts are of a "continuous and systematic" nature. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Following *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the U.S. Supreme Court foreclosed suing a parent corporation for the actions of its U.S. subsidiary and thereby raised the standard to obtain general jurisdiction to only those discrete cases where the foreign parent corporation's affiliations with a forum were so "continuous and systematic" as to render it "essentially at home." *Id.* at 139. Notably, the Supreme

1  Court there held that general jurisdiction will only exist in the "exceptional case." *Id.* at 139 n.19.

2  Here, Reckitt UK is assuredly not "at home" in the US.  It is headquartered in Slough, United Kingdom. (Tedesco Decl. ¶ 7.)  Reckitt UK has no bank accounts, no agent for service of process here and is not licensed nor registered to do nor is it doing business in the United States. (*Id.*)  Without any nexus to the dispute or Reckitt USA (no shared directors or officers, no bank account, no agent for service of process, and no production of the Lysol products at issue), and having had no participation in, direction, decision-making, or approval over the marketing or advertising at issue, Reckitt UK is far too remote and indirect an entity to be forced to defend itself here.  (*Id.* ¶¶ 7-8.)

### C. No Specific Jurisdiction Exists Over Reckitt UK

For specific jurisdiction over a defendant to exist, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017) (internal quotation marks and citations omitted).  To show such a connection, a plaintiff must satisfy three requirements:

(1) The defendant either purposefully directs its activities or "purposefully avails itself of the benefits afforded by the forum's laws;

(2) the claim "arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice, *i.e.,* it [is] reasonable."

*Id.* (internal quotation marks and citations omitted).

Here, Plaintiff has not attempted to plead – much less prove – specific jurisdiction over Reckitt UK exists, and it cannot do so as a matter of law.  There is an absence of any facts linking Reckitt UK to this forum or the US for that matter.

When, as here, the parent corporation itself has not put any product into the stream of commerce then "[t]hat alone ends the inquiry." *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).  Simply stated, Reckitt UK has not purposefully directed nor availed itself of the benefits of California or any other place in the United States.  It has no directors or officers in the United States and does not manufacture, market, advertise, sell,

or distribute any Lysol products in the United States that can be said to give rise to the false advertising claims at issue. (Tedesco Decl. ¶¶ 8, 9.) Nor can Plaintiff meet the second prong of the *Williams* test: the alleged claims do not arise out of any business activities which Reckitt UK has performed in this District or the United States. Having made no decisions, having had no participation, having approved of zero advertising here, there is no linkage between the advertising said to be false and misleading and Reckitt UK.

For these compelling reasons, the motion to dismiss for lack of personal jurisdiction over Reckitt UK should be granted as a matter of law.[2]

### D. Reckitt UK Is Not an Alter Ego of Reckitt UK as a Matter of Law

It is well-settled that a subsidiary cannot be considered to be an alter ego of the parent absent any indicia of control by the parent over its subsidiary pleaded and proven to render the parent present here. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017) ("We made clear…that the parent-subsidiary relationship does not on its own establish two entities as 'alter egos'…."); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (It must be shown that the parent exercises such control over the subsidiary so as to "render the latter the mere instrumentality of the former.") (internal quotation marks and citations omitted); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983 (N.D. Cal. 2016) (stating that federal courts will find a corporation is an alter ego of another only in "narrow circumstances"). Here again, the Plaintiff had to plead – but has not pled – and must prove that:

(1) There is such unity of interest and ownership that the separate personalities of the two entities no longer exist, and

(2) That the failure to disregard [the fact that a parent and subsidiary have separate identities] would result in fraud or injustice.

*Ranza,* 793 F.3d at 1073 (internal quotation marks and citations omitted).

For as long as proper corporate formalities are kept as the Tedesco Declaration

---

[2] It would be wasteful, costly, and offend notions of justice, furthermore, to require Reckitt UK to defend itself here particularly since Reckitt USA is itself a large company with over 1,100 employees and with current annual revenues exceeding $1.5 billion, entirely capable of defending its actions in this case. (Tedesco Decl. ¶ 2.)

demonstrates, monitoring the subsidiary's performance and supervising the subsidiary's finances and general policies are the kinds of activities that fail to meet this standard. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1074 (9th Cir. 2015). ("A parent corporation may be directly involved in financing and macro-management of its subsidiaries . . . without exposing itself to a charge that each subsidiary is merely its alter ego.") (internal quotation marks and citations omitted). The mere issuance of consolidated financial reports or posting the global brands of its myriad of subsidiary global corporate entities is not sufficient to break the distinct and separate entities here. (*See* Tedesco Decl. ¶ 8.) Indeed, the Ninth Circuit in *Ranza v. Nike, Inc.,* decided that even were Reckitt UK to have "total ownership and shared management personnel" – which it does not have over Reckitt USA – that alone is insufficient to establish the requisite level of control. 793 F.3d at 1073. The law is to the effect that even were Reckitt UK to have guaranteed loans for Reckitt USA, reviewed and approved major decisions, and involved itself in pricing decisions, which it did not do here, these facts do not suffice to make the parent an alter ego. *See id.* at 1074-75 (citations omitted); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 983 (N.D. Cal. 2016) ("active parent corporation" that is involved in decision-making of the subsidiary is not an alter ego unless it "dictates every facet of the subsidiary's business," including "routine matters of day-to-day operation").

Much more is required as a matter of law to render a parent the alter ego of a subsidiary company for jurisdiction. By way of illustration, the Court in *Skurkis v. Montelongo* cited nine critical factors to find that there is jurisdiction:

(1) commingling of funds and other assets of the entities,

(2) the holding out by one entity that it is liable for the debts of the other,

(3) identical equitable ownership of the entities,

(4) use of the same offices and employees,

(5) use of one as a mere shell or conduit for the affairs of the other,

(6) inadequate capitalization,

(7) disregard for corporate formalities,

(8) lack of segregation of corporate records, and

(9) identical directors and officers.

Case No. 16-cv-0972 (YGR), 2016 WL 4719271, at *4-5 (N.D. Cal. Sept. 9, 2016) (finding that even meeting three of the factors was insufficient to make the subsidiary an alter ego of the parent); *see also Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 984 (N.D. Cal. 2016) (allegations going to only three out of nine factors "strongly weigh" against finding of alter ego). Not one of these nine factors is present here (*see* Tedesco Decl. ¶¶ 7-9.)[3]

## CONCLUSION

For the foregoing reasons, Defendant Reckitt Benckiser Group PLC respectfully requests that the Court grant the Motion to Dismiss for Lack of Personal Jurisdiction and dismiss, with prejudice, the Complaint in its entirety.

Dated: May 6, 2019

Respectfully submitted,

  /s/ Dana J. Finberg

**ARENT FOX LLP**
Dana J. Finberg (SBN 257459)
dana.finberg@arentfox.com
55 2nd Street, 21st Floor
San Francisco, California 94105
Telephone: (415) 757-5500
Fax: (415) 757-5501

Bernice K. Leber (*Pro Hac Vice* Pending)
bernice.leber@arentfox.com
Michael Grow (Admitted *Pro Hac Vice*)
michael.grow@arentfox.com
1301 Avenue of the Americas, 42nd Floor
New York, New York  10019
Telephone: (212) 484-3990
Fax: (212) 484 -3990

*Attorneys for Defendants*
*Reckitt Benckiser Group PLC*
*and Reckitt Benckiser LLC*

---

[3] The old agency theory of holding the parent subject to jurisdiction because its subsidiary is a mere agent was debunked after *Daimler AG v. Bauman,* 571 U.S. 117 (2014). *See Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1024 (9th Cir. 2017).  Citing to *Daimler*, *Williams* held that agency requires that "the parent company must have the right to substantially control its subsidiary's activities." 851 at 1024-25.  Not so here.