1　DANA J. FINBERG (SBN 257459)
　　**ARENT FOX LLP**
2　55 2nd Street, 21st Floor
　　San Francisco, CA 94105
3　Telephone:　(415) 757-5500
　　Email:　dana.finberg@arentfox.com
4
　　Bernice K. Leber (*Pro Hac Vice* Pending)
5　Michael Grow (Admitted *Pro Hac Vice*)
　　**ARENT FOX LLP**
6　1301 Avenue of the Americas, 42nd Floor
　　New York, NY　10019
7　Telephone:　(212) 484-3990
　　Email:　bernice.leber@arentfox.com
8　Email:　michael.grow@arentfox.com

9　*Attorneys for Defendants*

10　　　　　**UNITED STATES DISTRICT COURT**

11　　　　**NORTHERN DISTRICT OF CALIFORNIA**

12　THE CLOROX COMPANY,　　　　　　Case No. 3:19-cv-01452-EMC
　　　　　　　Plaintiff,
13　　　　　　　　　　　　　　　　　　**NOTICE OF MOTION AND MOTION**
　　　　　　　　　　　　　　　　　　**TO DISMISS COMPLAINT FOR**
14　　　v.　　　　　　　　　　　　**FAILURE TO STATE A CLAIM**

15　RECKITT BENCKISER GROUP PLC,
　　RECKITT BENCKISER LLC,　　　　Honorable Edward M. Chen
16　　　　　　　　　　　　　　　　Hearing: June 20, 2019, 1:30 PM
　　　　　　　Defendants.　　　　　Location: Courtroom 5

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   FACTUAL BACKGROUND: THE COMPLAINT ............................................... 3

   A.   The Parties ............................................................................................. 3

   B.   Pleading Failures Regarding Comparative Commercials ......................... 3

        1.   General Pleading Failures Found in the Complaint ....................... 3

        2.   Specific Ad Pleading Failures: The Bleach Indicator Test
             Advertisement .................................................................................. 5

        3.   Pleading Failures Regarding Other Comparative Ads for Lysol
             Products: "Strength Test", "Fake It", "Game Over", "Spray Away" ........ 6

        4.   Defective Allegations Concerning Social Media Ads ................... 7

   C.   Pleading Failures Regarding Non-Comparative Commercials ................ 8

   D.   Plaintiff's Conclusory Damage Assertion ............................................... 8

II.  PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW ............................... 9

   A.   Legal Standard ....................................................................................... 9

        1.   Rule 12(b)(6) ................................................................................... 9

        2.   Rule 9(b) ........................................................................................ 10

   B.   Plaintiff's Failure to Distinguish Between Reckitt Defendants Is Fatal .............. 11

   C.   Plaintiff Fails to State a Claim for False Advertising Under Lanham Act .......... 12

        1.   Plaintiff Fails to Plead First Element Required for a Lanham Act
             Claim: Actual Falsity ...................................................................... 12

        2.   Plaintiff Fails to Properly Plead in the Alternative, Implied Falsity,
             and the Third and Fourth Elements of a Lanham Act Claim,
             Deception to Consumers and Materiality ....................................... 13

        3.   Plaintiff's Pleading Upon Information and Belief Violates Rule 9(b) ...... 15

        4.   Admissions in Pleading Render Allegations Implausible ................ 16

        5.   Plaintiff Fails to Allege Injury Caused By the Allegedly False
             Advertising ..................................................................................... 16

   D.   Claims under UCL and FAL Fail as a Matter of Law ............................. 17

        1.   Plaintiff Lacks Standing under the UCL and FAL .......................... 17

        2.   Plaintiff Fails to Allege That a Reasonable Consumer Is Likely to
             Be Deceived .................................................................................... 19

CONCLUSION ................................................................................................ 20

Arent Fox LLP
Attorneys At Law
San Francisco

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
   356 F. Supp. 3d 889 (N.D. Cal. 2018) (Chen, J.)..................................................18

*A White & Yellow Cab, Inc. v. Uber Techs., Inc.*,
   No. 15-CV-05163-JSW, 2017 WL 1208384 (N.D. Cal. Mar. 31, 2017)..........................17, 18

*Arroyo v. Pfizer, Inc.*,
   No. C-12-4030 EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013) (Chen, J.)........................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................... *passim*

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990)................................................................................9

*Becerra v. Dr Pepper/Seven Up, Inc.*,
   No. 17-CV-05921-WHO, 2018 WL 3995832 (N.D. Cal. Aug. 21, 2018)................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................... *passim*

*Brod v. Sioux Honey Ass'n, Co-op.*,
   927 F. Supp. 2d 811 (N.D. Cal. 2013) (Chen, J.), *aff'd*, 609 F. App'x 415 (9th
   Cir. 2015) ............................................................................................19, 20

*Brosnan v. Tradeline Sols., Inc.*,
   No. C-08-0694 JCS, 2009 WL 1604572 (N.D. Cal. June 5, 2009) .........................................10

*Cannarella v. Volvo Car USA LLC*,
   No. CV 16-6195-RSWL-JEMx, 2016 WL 9450451 (C.D. Cal. Dec. 12, 2016) ....10, 13, 15, 16

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
   475 Fed. App'x 113 (9th Cir. 2012)......................................................................19

*Davis v. HSBC Bank Nevada, N.A.*,
   691 F.3d 1152 (9th Cir. 2012)............................................................................19

*Dyson, Inc. v. Garry Vacuum, LLC*,
   No. CV 10-01626 MMM, 2011 WL 13268002 (C.D. Cal. Jan. 4, 2011)..........................11, 15

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016)..............................................................................19

Arent Fox LLP
Attorneys At Law
San Francisco

*Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*,
    No. C 14-0437 CW, 2014 WL 5812294 (N.D. Cal. Nov. 7, 2014) ....................................10, 20

*Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club*,
    407 F.3d 1027 (9th Cir. 2005)....................................................................................................16

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
    304 F.3d 829 (9th Cir. 2002)...............................................................................................12, 15

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005)....................................................................................................10

*Kwan Software Eng'g, Inc. v. Foray Techs., LLC*,
    No. C 12–03762 SI, 2014 WL 572290 (N.D. Cal. Feb. 11, 2014) ................................9, 12, 20

*Language Line Servs., Inc. v. Language Servs. Assocs., LLC*,
    No. C 10–02605 JW, 2011 WL 5024281 (N.D. Cal. Oct. 13, 2011).........................................14

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014).....................................................................................................20

*Novation Ventures, LLC v. J.G. Wentworth Co., LLC*,
    No. CV 15-00954 BRO, 2015 WL 12765467 (C.D. Cal. Sept. 21, 2015).......................4, 9, 15

*O'Connor v. Uber Techs., Inc.*,
    58 F. Supp. 3d 989 (N.D. Cal. 2014) ...................................................................................18, 19

*Powell v. Residential Mortg. Capital*,
    No. C 09-04928 JF (PVT), 2010 WL 2133011 (N.D. Cal. May 24, 2010) .............................11

*In re Sagent Tech., Inc., Derivative Litig.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) .....................................................................................11

*Shaker v. Nature's Path Foods, Inc.*,
    No. EDCV 13-1138-GW, 2013 WL 6729802 (C.D. Cal. Dec. 16, 2013) ..........................10, 20

*Stiles v. Wal-Mart Stores, Inc.*,
    No. 2:14–CV–2234–GEB–CMK, 2015 WL 5173060 (E.D. Cal. Sept. 2, 2015) .........13, 14, 15

*Stuart v. Cadbury Adams USA, LLC*,
    458 Fed. App'x 689 (9th Cir. 2011)............................................................................................19

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)......................................................................................................11

*Vincent v. Utah Plastic Surgery Soc.*,
    621 F. App'x 546 (10th Cir. 2015) ..............................................................................................17

*Water, Inc. v. Everpure, Inc.*,
    No. CV 09-3389 ABC, 2011 WL 13176096 (C.D. Cal. Aug. 23, 2011)...........................12, 13

Arent Fox LLP
Attorneys At Law
San Francisco

iii

NOTICE OF MTN AND MTN TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
CASE NO. 3:19-cv-01452-EMC

*William H. Morris Co. v. Grp. W, Inc.*,
66 F.3d 255 (9th Cir. 1995).......................................................................................................12

*ZL Techs., Inc. v. Gartner, Inc.*,
No. CV 09-02393 JF (RS), 2009 WL 3706821 (N.D. Cal. Nov. 4, 2009) ...............................18

**Statutes**

15 U.S.C. 1125(a) ........................................................................................................... *passim*

Cal. Bus. & Prof. Code § 17200, et seq. ("UCL") .......................................................... *passim*

Cal. Bus. & Prof. Code § 17500, et seq. ("FAL") .......................................................... *passim*

Fed. R. Civ. P. 8(a)...............................................................................................................2, 9

Fed. R. Civ. P. 9(b) ............................................................................................................2, 10

Fed. R. Civ. P. 12(b)(6)................................................................................................... *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NOTICE OF MOTION TO DISMISS

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on June 20, 2019 at 1:30 PM or on a date to be set by the Court, in Courtroom 5 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Edward M. Chen, Defendants Reckitt Benckiser Group PLC and Reckitt Benckiser LLC will and hereby do move the Court to dismiss the Complaint of Plaintiff Clorox Company ("Plaintiff" or "Clorox") (Dkt No. 1).

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants requests that this Court dismiss, with prejudice, the Complaint in its entirety for failure to state a claim.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declarations of Christopher Tedesco, dated May 3, 2019, and Bernice K. Leber dated May 6, 2019, and the Complaint and exhibits attached thereto, all documents in the Court's file, any matters of which the Court may take judicial notice, and any evidence or argument presented on this matter.

Dated: May 6, 2019

Respectfully submitted,

    */s/ Dana J. Finberg*
**ARENT FOX LLP**
Dana J. Finberg (SBN 257459)
dana.finberg@arentfox.com
55 2nd Street, 21st Floor
San Francisco, California 94105
Telephone: (415) 757-5500
Fax: (415) 757-5501

Bernice K. Leber (*Pro Hac Vice* Pending)
bernice.leber@arentfox.com
Michael Grow (Admitted *Pro Hac Vice*)
michael.grow@arentfox.com
1301 Avenue of the Americas, 42nd Floor
New York, New York  10019
Telephone: (212) 484-3990
Fax: (212) 484 -3990

*Attorneys for Defendants Reckitt Benckiser Group*
*PLC and Reckitt Benckiser LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

This action concerns commercials about Lysol household cleaning products and Clorox household cleaning products. Clorox (referred to herein as "Plaintiff") advances and attempts to plead three different claims for relief: (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a) (Count I); (2) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. (the "UCL") (Count II); and (3) California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*. (the "FAL") (Count III). While the Complaint generally describes in an introduction (Compl. ¶¶ 19-23)[1] that the commercials form part of a "common theme" or "campaign", Plaintiff fails to satisfy the pleading requirements for pleading a false advertising claim or unfair competition claim under federal and state law in the wake of the *Iqbal* and *Twombly* decisions and law in this Circuit. Compounding its error, Plaintiff also fails to set forth the detailed facts required under Fed. R. Civ. P. 9(b) insofar as each claim is predicated upon fraud. Plaintiff fails to allege – because it cannot allege when viewed against the ads themselves – any statement in any of Reckitt's ads is literally or impliedly false. For that matter, key elements of the claims are not alleged, including materiality of the allegedly false claims, damages allegedly caused by the ads, Plaintiff's standing under the state statutes and even the alleged harm allegedly caused by the ads. Finally, Plaintiff fails to state which defendant (as between Reckitt Benckiser LLC or its remote UK parent Reckitt Benckiser Group PLC) is responsible for making the allegedly false advertisements such that the Complaint fails to provide Fed. R. Civ. P. 8(a) notice to either of them.

For all of these reasons, Defendants seek an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the Complaint.

---

[1] A copy of the Complaint is attached as **Exhibit 2** to the Declaration of Bernice K. Leber, dated May 6, 2019 ("Leber Declaration"), submitted in support of Defendants' motion.

I.      **FACTUAL BACKGROUND: THE COMPLAINT**

A.      **The Parties**

Clorox and Reckitt Benckiser LLC both sell cleaning products that are intended for use in U.S. households[2].  Historically, as the Complaint admits (*see id.* ¶¶ 27, 28, 31), Clorox has advertised its products with germ fighting bleach for cleaning hard, nonporous surfaces (*see* Compl. ¶ 29.)  By contrast, Reckitt USA exercised its first amendment rights to disseminate commercials truthfully and honestly showing the different performance characteristics of its household cleaning products, which do not contain bleach.  Clorox apparently wishes to conceal these differences  from the public by attempting to enlist the Court in its efforts to abridge Reckitt USA's first amendment rights.  Indeed, most of Clorox's objections to Reckitt's advertisements are directed at suppressing the communication of the distinction between the parties' products.

B.      **Pleading Failures Regarding Comparative Commercials**

1.      **General Pleading Failures Found in the Complaint**

In its Complaint, Clorox cites specific domain links for the commercials at issue (Compl. ¶¶ 1-108) thus incorporating the contents of all of the ads  into the pleading.  Under the teachings of *Iqbal* and *Twombly*, Plaintiff's complaint allegations are implausible when viewed against the actual statements contained in each (the documentary evidence).  Significantly here, Clorox does not allege that any specific express statement in the advertisements is false.  Nor does it trouble alleging that any segment of the purchasing public is likely to be misled by the ads.  Nonetheless, Plaintiff (creatively) speculates that the ads themselves make certain express claims which, upon inspection of the ads themselves, are nowhere found there (Compl. ¶¶ 42-86).  A list of the advertisements at issue and links thereto is provided as **Exhibit 4** to the Leber Declaration.  The

---

[2] Filed today is a separate motion to dismiss the Complaint by Reckitt Benckiser Group PLC for lack of personal jurisdiction.  Reckitt Benckiser Group PLC is a remote parent of Reckitt Benckiser LLC ("Reckitt USA"), four companies removed from its U.S. subsidiary in ownership. and connection to this dispute.  We incorporate by reference here the Declaration of Christopher Tedesco dated May 3, 2019, in order to present facts showing it has no ties to the advertising or products at issue other than remotely as a parent corporation, underscoring the pleading defects manifest in the Complaint vis-s-vis that company.

1  differences said to be objectionable between the Lysol and Clorox products themselves, thus, do

2  not establish that the commercials are expressly false or misleading.

3         As this Court well knows, filing groundless claims for false advertising based on

4  mischaracterizations of the commercials or by alleging that the Lysol ads did not identify every

5  feature of the Clorox products at issue  no longer satisfies the legal standards required after *Iqbal*

6  and *Twombly*.   The law does not compel competitors to feature every difference between

7  competing  products in order to constitute truthful advertising.  "A simple failure to disclose is not

8  a violation of the Lanham Act because the absence of any statement is neither 'false' nor a

9  'representation.'" *Novation Ventures, LLC v. J.G. Wentworth Co., LLC*, No. CV 15-00954 BRO

10  (PJWx), 2015 WL 12765467, at *7 (C.D. Cal. Sept. 21, 2015).   In this case, the myriad,

11  irreconcilable disparities between the statements made in the ads shown and the Plaintiff's

12  allegations of express falsity and misleading messages render the Complaint defective.

13         Besides failing to meet the basic pleading standards, Clorox has also failed to plead the

14  essential elements of its causes of action for false advertising and state law unfair business

15  practices particularly with respect to claims alleged to be impliedly false (Compl. ¶¶ 42-86.)

16  Clorox does not plead that any statement made by Reckitt USA actually deceives or has the

17  tendency to deceive a substantial segment of the consuming public.  Instead, Clorox provides its

18  own opinion without any supporting facts as to how consumers *would* [sic] perceive the

19  commercials.  By using the conditional tense in the Complaint, the pleading also fails because

20  Clorox nowhere alleges that any of the allegedly misleading messages in commercials are

21  material in any way to consumers' purchasing decisions or even that any specific false statement

22  has been the cause of any damage.  (*Id.* ¶¶ 45, 73, 82, 106.)  Clorox has failed, moreover, to plead

23  that it has lost any sales as a result of any specific advertisement and states it cannot do so nor

24  does it specify how, if at all, it has been or is likely to be injured as a result of the Lysol

25  commercials. (*Id.* ¶¶ 110-112.)

26

27

28

1

2

### 2.       Specific Ad Pleading Failures: The Bleach Indicator Test

### Advertisement

3       The first of the commercials is a "bleach indicator test" which truthfully depicts the effect

4   that Lysol Daily Cleanser and Clorox Clean Up Cleaner with Bleach have on food.  (Compl. ¶¶

5   28-47.)   When apple slices are placed on two cutting boards, one cleaned with Lysol Daily

6   Cleanser and one cleaned by Clorox Clean Up, the apple slice placed on the board cleaned with

7   the Clorox product turns brown, while the apple placed on the board cleaned with Lysol does not.

8       For starters, Clorox affirmatively represents that its product contains bleach ("sodium

9   hypochlorite") (Compl. ¶ 28) and further states that Lysol products contain "hypochlorous acid."

10   Recognizing this difference, Clorox nowhere accounts for it in relation to the ad. This is

11   significant to a finding of implausibility.  For Clorox does not allege that it replicated the side by

12   side test and found the results inaccurate, that its product would not cause an apple to turn brown

13   or that there is any expressly false statement in the commercial.  Instead it merely inaccurately

14   concludes that the Lysol commercial makes the "false claim that [the products] are comparable."

15   (Compl. ¶ 44.)  Incredibly, the labels on the Clorox Clean Up Cleaner With Bleach and Clorox

16   Disinfecting Wipes both state that they are household cleaners for use on non-porous surfaces,

17   both depict the same kitchen use with the same appliances (stove and counter) and both appear to

18   be interchangeable for counter use (images of the product labels are attached as **Exhibit 3** to

19   Leber Declaration).  As noted above, Clorox also cites the Bleach Indicator Test commercial in its

20   Complaint, but there is no such express statement to this effect in the commercials.  At bottom,

21   Clorox does not deny that both products are comparable in that both are used for cleaning.

22   (Compl. ¶¶ 27, 33.)

23       Clorox next speculates – again without any supporting facts from the advertisement or any

24   other source – that a "proper test" "would detect" an unspecified residue of hypochlorous acid

25   (not sodium hypochlorite). (Compl. ¶ 45.)  Having failed to allege that it performed such a proper

26   test, and having nowhere denied that its own product left a bleach residue, Plaintiff assumes that

27   the amount of such residue is significant or material, or that the Lysol product would cause an

28

1  apple to turn brown.  Again, mere assumptions do not form a well-founded basis for the

2  allegations.

3          Clorox then expresses another conclusory opinion without any supporting facts that

4  Reckitt's bleach indicator test communicates that the Clorox product is unsafe or unsuitable.  It

5  identifies no such statement in the Lysol commercial.  It fails to allege that any consumers

6  actually have reached the same conclusion or even that they are likely to reach that conclusion.  It

7  also fails to allege that the bleach indicator tests shown in the commercial would mislead

8  consumers in any material way nor does it allege any lost sales or other cognizable damage was

9  caused by the truthful depiction of the effect its product has on apple slices.

10         **3.      Pleading Failures Regarding Other Comparative Ads for Lysol**

11                 **Products: "Strength Test", "Fake It", "Game Over," "Spray Away"**

12         Clorox cites other ads which compare Lysol products to Clorox Disinfecting Wipes.  One

13  of these compares the strength of Lysol Wipes to Clorox Wipes by testing their ability to hold 30

14  pound weights.  (Compl. ¶¶ 83-92.)  The commercials show that in this particular test the Lysol

15  Wipes were stronger than the Clorox Wipes.  However, Clorox does not deny that this test is

16  accurate or that the Lysol Wipes actually performed better in this test.

17         Another comparative ad complained of by Clorox is referred to as "Fake It" because it

18  includes images of children faking illness to avoid going to school. (Compl. ¶¶ 62-71.)  The ad

19  expressly states that you cannot prevent an imaginary cold but with Lysol you can help prevent

20  against a real one.  The ad then compares Lysol Disinfectant Spray with Clorox Disinfecting

21  Wipes and indicates that the spray is more effective than the wipes. From this ad, Clorox offers

22  the speculative and conclusory opinion – again, without any supporting factual allegations – that

23  "the ad conveys the message that Lysol products in general are more effective at eliminating

24  germs." (*Id.* ¶70.)  Clorox also speculates without supporting facts that the commercial conveys

25  the false message that Clorox Disinfecting Wipes are less efficacious than Lysol Disinfecting

26  Wipes.  However, the ad makes no mention of Lysol Disinfecting Wipes and no other statements

27  supporting Clorox's conclusory allegation.  Rather the ad only mentions the Lysol Disinfectant

28  Spray.  (*Id.*)

Other ads that compare Lysol Disinfectant Spray with Clorox Wipes are entitled "Game Over," (Compl. ¶¶ 72-73) and "Spray Away" (*id.* ¶¶ 74-76.)  The latter merely shows a can of Lysol Disinfectant Spray pushing Clorox Wipes off the screen and it contains no comparative statement of any kind.  Rather, it merely states truthfully that "Lysol Kills the #1 Cause of Colds."  Clorox speculates without any supporting factual allegations that these ads "represent[] to consumers that Clorox products are inferior to their Lysol counterparts," when in fact there is no such representation and the alleged representation is merely Clorox's unfounded conclusory opinion as to what consumers may or may or may not perceive. (Compl. ¶ 76.)  Like the other ads, Plaintiff does not state that consumers were actually misled or likely to be deceived by these ads, two required elements of a false advertising claim.  Nor does Plaintiff allege lost sales or damages as a result of these specific ads.

Another comparative ad complained of by Plaintiff contrasts Lysol Power Toilet Bowl Cleaner with Clorox Liquid Bleach. (Compl. ¶¶ 92-97.)  Clorox asserts that the ad is misleading because Reckitt USA should have compared the Lysol product with a product other than Clorox Bleach.  As the Court is aware, comparative advertising is legally permissible as long as it is truthful.  Here, Plaintiff fails to allege any factual basis to claim that the results of the comparison shown are inaccurate or even that Clorox Bleach is more effective at cleaning toilets than Lysol Power Toilet Bowl Cleaner.  Further, Plaintiff does not plead any of the requisite elements required to assert a valid claim for relief.  For example, like the others shown above, Plaintiff does not allege that any consumers have been or are likely to be misled in any material way of that it has suffered actual damage as a result of this particular ad.

### 4.     Defective Allegations Concerning Social Media Ads

Clorox also alleges that Reckitt USA has "blanketed the internet with social media advertising that presents Lysol Daily Cleanser as a safer and less harsh substitute for [Clorox Clean- Up]." (Compl. ¶¶ 48-54.)  Among other things, Clorox objects to a claim that "Lysol Daily Cleanser contains Only 3 ingredients," "Kills 99.9"% of germs," and has "No harsh chemical residue."  (*Id.* ¶ 50.)  Clorox does not assert that any of these statements are literally false.  Instead it offers its factually unsupported opinion that by using this advertisement, "Reckitt

1   represents that Lysol Daily Cleanser is a replacement for, and performs the same functions as,

2   [Clorox Clean-Up]."  (*Id*. ¶ 51.)  For this allegation, there is no factual basis offered.  And of

3   course, there is no such representation made in the commercial itself.  Clorox also attempts to

4   argue in its Complaint that the hypochlorous acid in Lysol is no gentler than Clorox's bleach, (but

5   then admits that Lysol's statement is true by acknowledging that Lysol has a lower concentration

6   of this active ingredient than Clorox.  (*Id*. ¶ 53.)  Having factually undercut its own allegation, the

7   claim lacks plausibility on its face.

8          **C.       Pleading Failures Regarding Non-Comparative Commercials**

9          Hoping that one of the claims may stick, Clorox objects to a Reckitt USA advertisement

10  that bears the heading "cough season protection."  (Compl. ¶¶ 77-80, 82.)  One scene in the ad

11  shows Lysol Disinfectant Spray with an image of a document stating "Kills Over 100 Illness

12  Causing Germs."  (*Id*. ¶ 79.)  Clorox does not allege that this claim is false.  Instead it complains

13  that another scene in the same ad shows both Lysol Disinfectant Spray with a container of Lysol

14  Disinfecting Wipes with a different heading, "What it Takes to Protect."  (*Id*. ¶ 80.)  Again,

15  Clorox does not complain that this banner is a false statement about the two products.  Instead, it

16  offers its own unfounded opinion that by showing the two products together without the statement

17  regarding germ killing capabilities a consumer might remember the earlier statement and believe

18  that "these ads send the clear message that both products 'kill over 100 illness causing germs.'"

19  (*Id*. ¶ 82.)  (*See id*. ¶¶ 81-82 (Clorox's allegations concerning "that's not a tissue protection" ad

20  has similar defects.)

21         This claim is based purely on speculation as to what a consumer might or might not

22  perceive.  Clorox has failed to plead the requisite allegation that consumers have actually been

23  misled by the ad or that a substantial portion of consumers are likely to be misled.  Similarly there

24  is no allegation as to materiality and no specific claim as to harm caused by these ads.

25         **D.       Plaintiff's Conclusory Damage Assertion**

26         After failing to identify or plead any specific harm caused by any of the Lysol ads, Clorox

27  includes a section in its Complaint entitled, "Injury to Clorox and the Public." (Compl. ¶¶ 109-

28  115.)   This section contains the conclusory assertion that Reckitt USA's allegedly false

advertising "is damaging Clorox's goodwill and business in ways that cannot readily be quantified." (*Id.* ¶ 110, 112.)  Without providing any details concerning any specific ads, it also claims that Reckitt's ads have diverted sales that Clorox "would have made" (*Id.* ¶ 111) and has prevented earning profits on those sales it "would have made."  Bereft of any allegations of actual damages or specific facts, this section of the Complaint presents pure speculation not permissible after *Iqbal* and *Twombly*.

Even in this catch-all section, Clorox has failed to assert that any consumers have been actually misled by the Lysol ads, or that any of the claims in the ads are literally false or that any impliedly false claims have any material effect on purchasing decisions.

## II.     PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW

### A.     Legal Standard

#### 1.     Rule 12(b)(6)

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If a complaint fails to do this, the defendant may move to dismiss under Rule 12(b)(6).  *Novation Ventures, LLC v. J.G. Wentworth Co.*, No. CV 15-00954 BRO (PJWx), 2015 WL 12765467, at *3 (C.D. Cal. Sept. 21, 2015).

Dismissal of a claim under Fed. R. Civ. P. 12(b)(6) is proper where the complaint (1) lacks a cognizable theory; or (2) contains insufficient facts under a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  While a court must accept the factual allegations of a complaint as true, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Becerra v. Dr Pepper/Seven Up, Inc.*, No. 17-CV-05921-WHO, 2018 WL 3995832, at *2 (N.D. Cal. Aug. 21, 2018) (complaint failed to plausibly allege consumer would be deceived).  Claims of unfair competition and false advertising under the UCL and FAL are "substantially congruent" to claims made under the Lanham Act.  *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, No. C 12–03762 SI, 2014 WL 572290, at *3 (N.D. Cal. Feb. 11, 2014);

1   *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW (OPx), 2013 WL 6729802, at *2

2   (C.D. Cal. Dec. 16, 2013).

3          To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's factual allegations must do

4   more than suggest "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*,

5   556 U.S. 662, 678 (2009).  Instead, a plaintiff must allege "enough facts to state a claim to relief

6   that is <u>plausible</u> on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis

7   added).  A claim is plausible when the plaintiff pleads facts that "allow[ ] the court to draw the

8   <u>reasonable</u> inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

9   678 (citation omitted).  This requirement applies to every element of each claim.

10         Under the incorporation by reference doctrine, the Court may consider "documents whose

11  contents are alleged in a complaint and whose authenticity no party questions, but which are not

12  physically attached to the pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

13  Courts have applied this principle to consider advertisements referenced in a pleading, including

14  disclaimers in the ads.  *Cannarella v. Volvo Car USA LLC*, No. CV 16-6195-RSWL-JEMx, 2016

15  WL 9450451, at *8 (C.D. Cal. Dec. 12, 2016).  As such, the advertisements cited by link in the

16  Complaint offer an accurate view as to where the Plaintiff deviated from the advertisements in

17  order to offer mere conclusions, unwarranted speculation and unreasonable inferences about them

18  rather than set forth the factual basis for the claims and consumers said to be misled.

19             **2.      Rule 9(b)**

20         Plaintiff's claims under the Lanham Act, UCL, and FAL are grounded in fraud and thus

21  subject to the heightened pleading standard of Fed. R. Civ. P. 9(b).  Courts in this district and

22  sister districts of California have recognized that misrepresentations claims are a "species of

23  fraud" falling under the heightened pleading requirements of Rule 9(b).  *Brosnan v. Tradeline*

24  *Sols., Inc.*, No. C-08-0694 JCS, 2009 WL 1604572, at *4 (N.D. Cal. June 5, 2009).  *See*

25  *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. C 14-0437 CW, 2014 WL

26  5812294, at *4 (N.D. Cal. Nov. 7, 2014) (dismissing claims under Lanham Act, UCL, and FAL

27  for failure to satisfy Rule 9(b)); *Arroyo v. Pfizer, Inc.*, No. C-12-4030 EMC, 2013 WL 415607, at

28  *8 (N.D. Cal. Jan. 31, 2013) (Chen, J.) (allegations that defendants "made false and misleading

1   statements in its advertising and packaging" with intent of having purchasing consumers rely on

2   them established "unified course of fraudulent conduct" for Rule 9(b)).

3           Under Rule 9(b), allegations of misrepresentations must state "the who, what, when,

4   where, and how" as well as "what is false or misleading about a statement, and <u>why it is false</u>."

5   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (emphasis

6   added).  As shown above, Clorox's allegations fail to meet the particularity required under Rule

7   9(b).  While Clorox sets forth conclusory allegations that claims are "false", "untrue" and

8   "misleading," it fails to sufficiently allege <u>why</u> these statements are false, untrue, or misleading.

9   *See Dyson, Inc. v. Garry Vacuum, LLC*, No. CV 10-01626 MMM (VBKx), 2011 WL 13268002,

10   at *10-11 (C.D. Cal. Jan. 4, 2011).

11           **B.       Plaintiff's Failure to Distinguish Between Reckitt Defendants Is Fatal**

12           Clorox's failure to distinguish between the actions of Reckitt Benckiser Group PLC and

13   Reckitt Benckiser LLC is also fatal to its claims.  Under *Twombly* and *Iqbal*, a "[p]laintiff must

14   plead facts sufficient to put [each defendant] on notice of the claims asserted against it, and such

15   facts must be specific enough to be more than speculation."  *Powell v. Residential Mortg. Capital*,

16   No. C 09-04928 JF (PVT), 2010 WL 2133011, at *3 (N.D. Cal. May 24, 2010).  This Court has

17   held that "[t]reating disparate parties identically without explanation, as Plaintiff does throughout

18   the complaint, deprives each individual defendant a fair and meaningful opportunity to defend

19   itself."  *Id.*, at *3.  Dismissal of the claims under Rule 12(b)(6) is proper where a plaintiff failed to

20   distinguish between the actions of the moving defendant and other defendants and the pleading

21   set forth "no specific allegations of wrongdoing tied specifically" to the moving defendant.  *Id;*

22   *see also In re Sagent Tech., Inc., Derivative Litig.,* 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003)

23   (dismissal warranted where plaintiff failed to allege which defendants were responsible for

24   alleged wrongful acts, including making false and misleading statements to public).  Here, save

25   for a few general recitations in its opening paragraphs, Clorox fails to distinguish between the

26   acts of the two Defendants.  Instead, the Complaint defines the parties as a single entity "Reckitt"

27   throughout the Complaint.  Because Clorox has failed to state a claim against each Reckitt entity

28   under the principles of *Twombly* and *Iqbal*, the Complaint should be dismissed.

**C.**      **Plaintiff Fails to State a Claim for False Advertising Under Lanham Act**

To state a proper claim for Lanham Act false advertising requires each of the following specific elements and allegations that (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in a commercial advertisement or promotion; (3) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (4) the deception is material, in that it is likely to influence the purchasing decision; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 n.4 (9th Cir. 2002).

**1.**      **Plaintiff Fails to Plead First Element Required for a Lanham Act Claim: Actual Falsity**

With respect to the first prong requiring the making of a false statement either about the plaintiff's or the defendant's products, a plaintiff may show that the "statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, No. C 12-03762 SI, 2014 WL 572290, at *3 (N.D. Cal. Feb. 11, 2014). When evaluating whether an advertising claim is literally false, the claim must always be analyzed in its full context. *Id.*, at *5. It is only when a plaintiff sufficiently alleges that a statement is literally false on its face or by necessary implication that evidence of consumer reaction is not necessary as an element of the proof. *Water, Inc. v. Everpure, Inc.*, No. CV 09-3389 ABC (SSx), 2011 WL 13176096, at *4 (C.D. Cal. Aug. 23, 2011). "Where a statement is not literally false and is only misleading in context, however, proof that the advertising actually conveyed the implied message and thereby deceived a significant portion of the recipients becomes critical." *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995) (citations omitted); *Water*, 2011 WL 13176096, at *4 (C.D. Cal. Aug. 23, 2011) (plaintiff must allege and prove "literally true but misleading" statements "misled, confused, or deceived the consuming public").

The distinction is critical here: for Plaintiff to prevail, it must plead and prove literal falsity of the ads at issue.  Clorox has not pleaded that any of the ads are expressly false: Bleach Indicator Test (Compl. ¶¶ 28-37); Strength Test (*id.* ¶¶ 83-92); Fake It (*id.* ¶¶ 62-71); Game Over (*id.* ¶¶ 72-73); Lysol Power Toilet Bowl Cleaner v. Clorox Bleach (*id.* ¶¶ 93-98); Social Media ads for Lysol Daily Cleanser (*id.* ¶¶ 48-54); Lysol Disinfecting Wipes and Lysol Disinfectant Spray (*id.* ¶¶ 77-82.)   After describing the advertisements (as opposed to what they actually show), Clorox points to no single characteristic, no statement, or feature of the product comparison that is false.  The express falsity claims thus fail for lack of plausibility and pleading the elements required.

As a matter of law, an advertisement cannot be literally false when a disclaimer refutes the very claim it is alleged to be making.  *Cannarella v. Volvo Car USA LLC*, 2016 WL 9450451, at *8 (C.D. Cal. Dec. 12, 2016) (rejecting claims of false statements when dispelled by other statements in commercials).  Clorox alleges the "No Scrubbing" ad is false because it claims "Lysol Power TBC as having '10x more cleaning power than Clorox" without limitation but the disclaimer expressly states  that the purported advantage relates only to rust and limescale and not to organic matter." (Compl. ¶ 98.)  This failure dooms the pleading.

**2.      Plaintiff Fails to Properly Plead in the Alternative, Implied Falsity, and the Third and Fourth Elements of a Lanham Act Claim, Deception to Consumers and Materiality**

Alternatively, the law requires Clorox to "allege specific facts showing that the statement actually conveyed the implied misleading message thereby deceiving a significant number of people." *Stiles v. Wal-Mart Stores, Inc.*, No. 2:14–CV–2234–GEB–CMK, 2015 WL 5173060, at *4 (E.D. Cal. Sept. 2, 2015) (citation omitted).   When, as here, the plaintiff fails to allege "specific facts of actual deception which misled" the claim under the Lanham Act fails.  *Id.*; *Water, Inc. v. Everpure, Inc.*, *supra,* 2011 WL 13176096, at *4 (C.D. Cal. Aug. 23, 2011) (if statements are "literally true but misleading," plaintiff must allege statements "misled, confused, or deceived the consuming public").

Here, upon scrutiny the advertising objections fail for failure to plead specific facts as to actual deception or a tendency to deceive, or even that the statements are material to the deception.  For example, the Bleach Indicator Test is not alleged factually to actually deceive or exhibit the tendency to deceive (Compl. ¶¶ 45) and also nowhere states as it is shown that Clorox Clean Up is unsuitable or  unsafe for use in the kitchen (*id*. ¶ 46.)  The Strength Test (*id*. ¶¶ 83-92) is not alleged to be actually deceptive nor are there specific facts pled concerning actual deception or a tendency to deceive. While Clorox alleges that the advertisement is false because it misrepresents that "Lysol Wipes perform better on extreme 'stress tests' than Clorox Disinfecting Wipes" however, a review of the  actual advertisement does not expressly claim that Lysol Wipes perform better on "extreme stress tests" than Clorox Wipes.  (*Id.* ¶¶ 92.)  Clorox has therefore failed to "allege specific facts showing that the statement actually conveyed the implied misleading message thereby deceiving a significant number of people."  *Stiles v. Wal-Mart Stores, Inc.*, No. 2:14–CV–2234–GEB–CMK, 2015 WL 5173060, at *4 (E.D. Cal. Sept. 2, 2015) (citation omitted).  A plaintiff fails to state a plausible Lanham Act claim "based on the mere possibility that consumers might interpret [unambiguously true statements] to mean something other than what they plainly state."  *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10–02605 JW, 2011 WL 5024281, at *13 (N.D. Cal. Oct. 13, 2011).

As is plain, Clorox has failed to sufficiently allege <u>how</u> or <u>why</u> the ads are misleading.  Clorox claims that the test depicted is "not capable of replication" and "[u]pon information and belief, the depicted 'dramatization' does not accurately reflect the results of any rigorous or sound comparative strength testing.'"  (Compl. ¶ 92.) This bare allegation however is insufficient to satisfy Rule 9(b) or *Twombly/Iqbal*.

Similarly, neither the "Game Over" ad nor the "No Scrubbing" ad featuring Lysol Power Toilet Bowl Cleaner vs. Clorox Liquid Bleach (*Id*. ¶¶ 72-73; 93-108) alleged to be actually deceptive nor are they said to have a tendency to deceive.  Conclusorily stating that the ad sends a "false message" is a bare conclusion, bereft of facts showing that the ad is actually deceptive or misleading.  The same holds true for the social media ads featuring Lysol Daily Cleanser (*Id*. ¶¶

48-54), Lysol Disinfectant Spray[3] and Lysol Disinfecting Wipes. (*Id*. ¶¶ 77-82).   Clorox speculates "[e]ven a consumer who managed to read the nearly invisible disclaimer would likely not realize that the 'kills over 100 illness causing germs' claim is true only to Lysol Disinfectant Spray, but false as to Lysol Disinfecting Wipes." (*Id*. ¶ 82 (emphasis added).) The point here is that Clorox has not set forth any "specific facts showing that the statement actually conveyed the implied misleading message thereby deceiving a significant number of people." *Stiles v. Wal-Mart Stores, Inc.*, No. 2:14–CV–2234–GEB–CMK, 2015 WL 5173060, at *4 (E.D. Cal. Sept. 2, 2015) (citation omitted).  Clorox therefore fails to allege that the advertisement is impliedly false.

It is also not enough, in order to properly plead a false advertising claim, to allege – without more – that a statement is false or has a tendency to deceive. *Novation Ventures, LLC v. J.G. Wentworth Co., LLC*, No. CV 15-00954 BRO (PJWx), 2015 WL 12765467, at *7 (C.D. Cal. Sept. 21, 2015) (plaintiffs failed to plausibly allege defendants' advertisements actually deceived or had the tendency to deceive a substantial segment of its audience).  Rather, a plaintiff must also plausibly allege that any deception is material in that it is likely to influence the purchasing decision. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).; *Cannarella v. Volvo Car USA LLC*, No. CV 16-6195-RSWL-JEMX, 2016 WL 9450451, at *10 (C.D. Cal. Dec. 12, 2016)(unsupported legal conclusions of materiality insufficient).

### 3.       Plaintiff's Pleading Upon Information and Belief Violates Rule 9(b)

Still other allegations are made "upon information and belief."  The Strength Test ad comparing Lysol Disinfecting Wipes with Clorox Disinfecting Wipes is one such failed claim. There Clorox claims that the test depicted is "not capable of replication" and "[u]pon information and belief, the depicted 'dramatization' does not accurately reflect the results of an rigorous or sound comparative strength testing.'" (Compl. ¶ 92.)  This bare allegation however is insufficient to satisfy Rule 9(b) or *Twombly/Iqbal*.  *See Dyson, Inc. v. Garry Vacuum*, *LLC*, 2011 WL 13268002, at *11 (C.D. Cal. Jan. 4, 2011) (allegation that "there is simply no way a valid test would show" results supporting advertising claim is insufficient to satisfy Rule 9(b)).

---

[3]Clorox sometimes refers to the Lysol Disinfectant Spray as Lysol Disinfecting Spray.  Reckitt USA does not manufacture a product called Lysol Disinfecting Spray, so it is presumed all such references are to the former product.

### 4.    Admissions in Pleading Render Allegations Implausible

Clorox also attempts to allege that the "No Scrubbing" advertisement is false because the ad "expressly" represents that the Lysol product rids the toilet of all stains within a few seconds whereas the disclaimer notifies consumer that the effects are achieved "after contact with the product for 10 minutes, followed by rinsing." (Compl. ¶¶ 98, 107.) However, the advertisement does not support this statement because the disclaimer, by Clorox's own admission, clearly refutes it. *Cannarella v. Volvo Car USA LLC*, 2016 WL 9450451, at *8 (C.D. Cal. Dec. 12, 2016) (advertisements did not make alleged representations where refuted by disclaimer). Furthermore, "when used as directed" disclaimers are commonly used in the industry, including in Clorox's own advertisements, to indicate that the demonstration does not convey how the product must actually be used in order to achieve the touted effects.

### 5.    Plaintiff Fails to Allege Injury Caused By the Allegedly False Advertising

Plaintiff's claim fails for the additional reason that it has failed to sufficiently allege injury under the *Iqbal/Twombly* standard. To establish standing to pursue the false advertising prong of the Lanham Act, Plaintiff must show that: "(1) a commercial injury based upon a misrepresentation about a product; and (2) the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant." *Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club*, 407 F.3d 1027, 1037 (9th Cir. 2005). A plaintiff must do more than simply parrot the elements of an injury.

In support of its claim that Plaintiff has sustained injury as a result of the allegedly false advertising, it offers only conclusory allegations that "[b]oth the individual ads that make up the Reckitt advertising campaign and the campaign as a whole have injured Clorox's standing with consumers and diverted sales and market share away from Clorox to Reckitt." (Compl. ¶ 10; *see also id.* ¶ 111.) Missing here is any allegation as to how any specific ad has caused Plaintiff any identifiable harm. Plaintiff also alleges without substantiation that "Reckitt's false advertising is damaging Clorox's goodwill and business in ways that cannot readily be quantified or recaptured." (*Id.* ¶ 110.) This allegation fails because Plaintiff merely parrots an element of

1   injury without alleging how any ad unlawfully caused any loss.  Some consumers may elect to

2   buy Lysol products over Plaintiff's because they wish to avoid a product that contains so much

3   bleach that it causes an apple to turn brown.  While this may result in a loss, that type of harm is

4   not the result of unlawful conduct.  Clorox also speculates that "[i]f Reckitt is permitted to

5   continue its false and misleading ad campaign, Clorox is likely to (1) lose the loyalty of

6   consumers who have purchased its products in the past; and (2) fail to attract consumers whom its

7   products would otherwise have attracted in the absence of Reckitt's false advertising." (*Id*. ¶ 112.)

8   Plaintiff's speculation lacks any factual basis because there is no allegation that the ads are

9   literally false or likely to deceive, and for this reason, a loss of consumer loyalty or decision not

10  to purchase cannot be the cause of the alleged losses.  Dissatisfaction with a Clorox product as to

11  the quantity of bleach causing effect on fruit may be the cause rather than the Reckitt USA

12  product.  Here, the point is this: without facts supporting such an allegation, the claim does not

13  meet the standards required.

14          Clorox's conclusory allegations of incurred or hypothetical injury without alleging how

15  any of the allegedly false statements divert sales are insufficient to satisfy the "plausibility"

16  standard under *Twombly*.  *See Vincent v. Utah Plastic Surgery Soc.,* 621 F. App'x 546, 550 (10th

17  Cir. 2015) (conclusory recitation of damages insufficient to sustain false advertising claim).

18      **D.     Claims under UCL and FAL Fail as a Matter of Law**

19          **1.      Plaintiff Lacks Standing under the UCL and FAL**

20          The requirements for statutory standing under the UCL and the FAL are identical.  *A*

21  *White & Yellow Cab, Inc. v. Uber Techs., Inc.,* No. 15-CV-05163-JSW, 2017 WL 1208384, at *9

22  (N.D. Cal. Mar. 31, 2017).  To establish  standing, a plaintiff must allege it "has suffered injury in

23  fact and has lost money or property <u>as a result of</u> a violation of the UCL or the FAL."  *Id.*., at *7

24  (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321 (2011)) (emphasis added).  On facts

25  like those alleged here, a plaintiff must plead that its economic injury "was the result of, *i.e.,*

26  <u>caused</u> by the . . . false advertising that is the gravamen of the claim."  *Id.* (citing *Kwikset*, 51 Cal.

27  4th at 322 (emphasis in original)).  To establish the requisite causation in a claim based on

28  allegedly false advertising under the FAL or the UCL, a "plaintiff must allege he or she was

1  motivated to act or refrain from action based on the truth or falsity of a defendant's statement, not

2  merely on the fact that it was made." *Id*. (citing *Kwikset*, 51 Cal. 4th at 327 n.10.)

3      Absent specific facts stating how or that a competitor relied to its detriment on the false

4  advertising, the law is that competitor does not state a claim for relief under the UCL and FAL.

5  *See, e.g., 23andMe, Inc. v. Ancestry.com DNA, LLC,* 356 F. Supp. 3d 889, 911 (N.D. Cal. 2018)

6  (Chen, J.) (dismissing claim under FAL and unlawful prong of UCL for plaintiff's failure to plead

7  actual reliance on misleading representations on defendant's website); *A White & Yellow Cab,*

8  *Inc.*, 2017 WL 1208384, at *9 (dismissing claims under FAL and fraudulent and unlawful prongs

9  of the UCL where plaintiff competitor failed to allege own reliance on allegedly false

10  advertising); *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014) ("UCL

11  fraud plaintiffs must allege their <u>own</u> reliance - not the reliance of third parties - to have

12  standing") (emphasis added); *ZL Techs., Inc. v. Gartner, Inc.,* No. CV 09-02393 JF (RS), 2009

13  WL 3706821, at *11 (N.D. Cal. Nov. 4, 2009) (dismissing UCL claim for false advertising where

14  competitor alleged reliance of potential customers).  These cases make plain that Clorox cannot

15  establish that it has standing based upon its customers' alleged reliance upon the ads in question.

16  The claims fail and should be dismissed for this additional reason.

17      Here, Clorox's claims under the UCL and FAL are predicated on alleged

18  misrepresentations by the Reckitt USA ads.  (*See* Compl. ¶¶ 121, 126 ("Reckitt, to induce the

19  public to purchase its products, has disseminated untrue and misleading statements about its own

20  products and concerning the safety, efficacy, and suitability of Clorox products.").)  The

21  Complaint, however, offers only conclusory and vague allegations of the reliance of consumers

22  on information in advertisements generally.  (*See id*. ¶¶ 9, 113 ("consumers rely on information in

23  advertisements to make educated purchasing decisions").)  Nowhere in the Complaint does

24  Clorox allege its <u>own</u> reliance on any alleged statements by Reckitt USA as is required under the

25  UCL and FAL.  Even assuming Clorox's  allegations of the general reliance of consumers on

26  advertisements are adequate (which they are not), the reliance of <u>third parties</u> on alleged

27  misrepresentations is insufficient to establish standing under the UCL and FAL.  *See O'Connor*,

28

1    58 F. Supp. 3d at 1002.  Because Clorox has failed to plead its <u>own</u> reliance on allegedly untrue

2    and misleading statements made by Reckitt USA, the claims under the UCL and FAL must fail.

3            **2.      Plaintiff Fails to Allege That a Reasonable Consumer Is Likely to Be**

4                     **Deceived**

5            Here, there are two distinct failures of pleading.  First, Count III which alleges violations

6    of the California False Advertising Law (Compl. ¶¶ 125-129), contains no facts or statement that

7    any consumer deception occurred with the Clorox products.  In *Davis v. HSBC Bank Nevada,*

8    *N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012), failure to show that reasonable consumers were likely

9    to be deceived was enough to dismiss the pleading with prejudice.  For the Ninth Circuit

10   specifically cautions: "Factual allegations must be enough to raise a right to relief above the

11   speculative level." *Id*. at 1159 (citations omitted).  Here, Clorox's rank speculation is all there is

12   supporting deception.

13           Second, it is also well-established in this Circuit that to plead claims under the UCL and

14   FAL, Plaintiff must plausible show that a "reasonable consumer" is "likely to be deceived" by the

15   allegedly false and misleading statement.  *Brod v. Sioux Honey Ass'n, Co-op.*, 927 F. Supp. 2d

16   811, 828 (N.D. Cal. 2013) (Chen, J.), *aff'd*, 609 F. App'x 415 (9th Cir. 2015).  "'Likely to

17   deceive' implies more than a mere possibility that the advertisement might conceivably be

18   misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* (citation

19   omitted.)  Plaintiff must plead and prove probability "that a significant portion of the general

20   consuming public or of targeted consumers, acting reasonably in the circumstances, could be

21   misled."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (allegations of consumer

22   deception not plausible).   Where a court concludes as a matter of law that alleged

23   misrepresentations in advertising are not likely to deceive a reasonable consumer, the Ninth

24   Circuit has affirmed their dismissal. *See Stuart v. Cadbury Adams USA, LLC,* 458 Fed. App'x

25   689, 690–91 (9th Cir. 2011) (affirming dismissal of false advertising claims under UCL and FAL

26   where plaintiff failed to establish claims would "mislead a reasonable person");  *Carrea v.*

27   *Dreyer's Grand Ice Cream, Inc.,* 475 Fed. App'x 113, 115 (9th Cir. 2012) (dismissal warranted

28   where"[i]t is implausible that a reasonable consumer" would adopt interpretations advanced by

plaintiff).  *See also Brod*, 927 F. Supp. 2d at 828 (threadbare recitals that consumers are likely to be deceived by the marketing or would have changed their purchasing decisions are insufficient to plausibly show a reasonable consumer would be misled).

Claims of unfair competition and false advertising under the UCL and FAL are "substantially congruent" to claims made under the Lanham Act.  *Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 WL 572290, at *3 (N.D. Cal. Feb. 11, 2014); *Shaker v. Nature's Path Foods, Inc.*, 2013 WL 6729802, at *2 (C.D. Cal. Dec. 16, 2013).  Since Clorox has not pled the requisite elements of a false advertising claim under the Lanham Act by pleading falsity, deception or likelihood of deception among a substantial number of consumers, its claims should be dismissed.  Notably, not a single fact appears supporting the basis for Count II under the California Unfair Competition Law that any of the commercials is unfair, or unlawful or even that the advertising practices engaged in are fraudulent.  Absent such facts, the pleading should be stricken.  *See e.g.  Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136 (9th Cir. 2014); *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC,* No. C 14-0437 CW, 2014 WL 5812294, at *7 (N.D. Cal. Nov. 7, 2014) (dismissing UCL claims based on same inadequate allegations for Lanham claim).  There is  no clue from the pleading what conduct is that is said to be unfair nor what borrowed law Plaintiff relies upon here.  Notice pleading requires facts which support the legal theories alleged.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court issue an Order granting Reckitt Benckiser LLC and Reckitt Benckiser Group PLC's Motion to Dismiss and dismiss with prejudice.

1    Dated:  May 6, 2019                Respectfully submitted,

2

3                                         */s/ Dana J. Finberg*
                                         **ARENT FOX LLP**
4                                        Dana J. Finberg (SBN 257459)
                                         dana.finberg@arentfox.com
5                                        55 2nd Street, 21st Floor
                                         San Francisco, California 94105
6                                        Telephone: (415) 757-5500
                                         Fax: (415) 757-5501
7

8                                        Bernice K. Leber (*Pro Hac Vice* Pending)
                                         bernice.leber@arentfox.com
9                                        Michael Grow (Admitted *Pro Hac Vice*)
                                         michael.grow@arentfox.com
10                                       1301 Avenue of the Americas, 42nd Floor
                                         New York, New York  10019
11                                       Telephone: (212) 484-3990
                                         Fax: (212) 484 -3990
12

13                                       *Attorneys for Defendants*
                                         *Reckitt Benckiser Group PLC and*
14                                       *Reckitt Benckiser LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28